THIS IS DOCUMENTATION

THAT PSYCHIATRIC

INCARCERATION REQUIRES

THE "CLEAR AND

PRESENT DANGER

OF HARM TO SELF

OR OTHERS"

(c) The administrator, at least on an annual basis, shall advise the public, through notice in one newspaper of general circulation in the county, of the facilities he has designated to provide involuntary emergency examination and treatment.

§ 5100.84. Persons who may be subject to involuntary emergency examination and treatment.

(a) Persons 14 through 17 years of age may be subject to involuntary emergency examination and treatment only in an approved mental health facility capable of providing a treatment program appropriate to the person. Persons 5 through 13 years of age may be subject to involuntary emergency examination and treatment only in an approved mental health facility capable of providing a treatment program appropriate to the child. Persons from birth through 4 years of age may be subject to involuntary emergency examination and treatment only in a mental health facility capable of providing a treatment program appropriate to the child. Should no such facility exist within the county of residence, the nearest appropriate facility shall be designated by the county administrator. Longer term involuntary treatment for the age groups listed in this section, must be conducted by agencies with age appropriate programs which are approved by the Department and designated by the county administrator when public monies are utilized for treatment.

(b) Persons 18 years of age and older may be subject to involuntary emergency examination at an approved facility designated for such purpose by the administrator. Involuntary emergency treatment may be provided at the examining facility or any other designated and approved facility appropriate to the person's needs. Travel arrangements between the examining facility and the treating facility shall be arranged as needed as soon as possible to permit transportation appropriate to the person's needs.

(c) The determination of whether the standards of clear and present danger are met should always include a consideration of the person's probable behavior if adequate treatment is not provided on either an emergency or subsequent basis.

(d) The standards of clear and present danger may be met when a person has made a threat of harm to self or others; has made a threat to commit suicide; or has made a threat to commit an act of mutilation and has committed acts in furtherance of any such threats.

(e) Examining physicans should consider the probability that the person would be unable without care, supervision, and the continued assistance of others, to satisfy his need for nourishment, personal or medical care, shelter or self-protection, and safety in accordance with section 301(b)(2) (i) of the act (50 P. S. § 7301(b)(2)(i)).

(f) When the petition for commitment filed under section 301(b)(2)(i) alleges that a person poses a clear and present danger to himself, clinical or other testimony may be considered which demonstrates that the person's judgment and insight is so severely impaired that he or she is engaging in uncontrollable behavior which is so grossly irrational or grossly inappropriate to the situation that such behavior prevents him from satisfying his need for reasonable nourishment, personal care, medical care, shelter or self-protection and safety, and that serious physical debilitation, serious bodily injury or death may occur within 30 days unless adequate treatment is provided on an involuntary basis.

(g) An attempt under sections 301(b)(2)(ii) and (iii) of the act (50 P. S. § 7301(b)(2)(ii) and (iii)), occurs:

(1) When a person clearly articulates or demonstrates an intention to commit suicide or mutilate himself and has committed an overt action in furtherance of the intended action; or